CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 16 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| HAMILTON BROWN, AS "NEXT FRIEND" FOR THE ESTATE OF ALLISON PARKER, <br><br> Plaintiff, <br><br> v. <br><br> MIKE POMPEO, DIRECTOR OF CENTRAL INTELLIGANCE AGENCY, et al., <br><br> Defendants. | Civil Action No. 3:17CV00057 <br><br> **MEMORANDUM OPINION** <br><br> Hon. Glen E. Conrad <br> United States District Judge |

Frederick Banks, a federal pretrial detainee currently incarcerated at Northeast Ohio Correctional Center in Youngstown, Ohio, commenced this action by filing a self-styled "motion to disclose FISA electronic surveillance,"[1] along with a motion to proceed in forma pauperis. Banks signed the motions on behalf of "Hamilton Brown." Banks indicates that Brown is proceeding as the "next friend" of the "Estate of Allison Parker," the "d[ec]eased Roanoke[,] Virginia Television News Reporter."[2] He seeks an order directing Mike Pompeo, the Director of the Central Intelligence Agency, and other federal agencies and officials to produce copies of FISA materials related to purported surveillance of Parker and Vester Flanagan, the individual responsible for Parker's death. For the following reasons, the court concludes that the action is subject to dismissal under 28 U.S.C. § 1915(g).

---

[1] "FISA" refers to the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1801, et seq.

[2] The court takes judicial notice that the correct spelling of Parker's first name is "Alison."

Section 1915(g) is commonly referred to as the "three-strikes rule." The rule prohibits a prisoner from proceeding in forma pauperis, or without prepayment of the filing fee, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Pretrial detainees are considered "prisoners" for purposes of the three-strikes rule. See 28 U.S.C. § 1915(h).

A review of court records reveals that Banks, either on his own behalf or on behalf of his alias, "Hamilton Brown," has filed numerous actions or appeals, while incarcerated or detained, which have been dismissed as frivolous or malicious or for failing to state a claim upon which relief may be granted. See Banks v. Hornak, No. 16-6981, 2017 U.S. App. LEXIS 11416, at *19 & n.3 (4th Cir. May 9, 2017) (citing prior cases filed by Banks and concluding that he was barred from proceeding in forma pauperis on appeal by operation of the three-strikes rule); see also Banks v. Cocas, No. 17-mc-673, 2017 U.S. Dist. LEXIS 123081, at *4 (W.D. Pa. Aug. 4, 2017) (reiterating the terms of a "Vexatious Litigant Order" directing the Clerk's Office for the Western District of Pennsylvania "not to accept and/or docket . . . any application for leave to proceed in forma pauperis, complaint, petition, or other filing by Plaintiff [Frederick Banks] on his behalf (or on behalf of Plaintiff's alias 'Hamilton Brown')" unless certain conditions are met); Brown v. Valsuka, No. 15-1439, 2016 U.S. Dist. LEXIS 4735, at *2 & n.1 (W.D. Pa. Jan. 14, 2016) (dismissing an action filed by "Hamilton Brown" pursuant to the three-strikes rule and noting that "'Hamilton Brown' is an alias for Frederick Banks").

Because Banks has incurred multiple "strikes" and there is no indication that he faces imminent danger of serious physical harm, he is not eligible to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(g). Accordingly, Banks' motion to proceed in forma pauperis will be denied and this action will be dismissed without prejudice pursuant to § 1915(g).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff.

DATED: This 16th day of August, 2017.

_____
United States District Judge